UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO: 1:04CV-135-EHJ

KEVIN FLOYD                                                                                    PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                       DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon plaintiff Kevin Floyd's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the Decision of the Commissioner should be affirmed.

Mr. Floyd filed an application for disability insurance benefits on September 19, 2002 alleging that he became disabled on September 3, 2002 as a result of carpel tunnel, fibromyalgia, herniated and bulging discs, chest pain, numbness in feet, irritable bowel, and diarrhea (Tr. 74). After a hearing on December 16, 2003, Administrative Law Judge Arthur Schultz ("ALJ") found that Mr. Floyd has severe impairments of fibromyalgia and a history of carpal tunnel syndrome. Though the ALJ found these conditions to be severe impairments, they were not deemed to meet or medically equal listed impairments. Though he may not return to his previous relevant work, the ALJ found that Mr. Floyd retains the residual functional capacity to perform a mildly restricted range of light work.

The plaintiff has filed objections to the magistrate's report, arguing that 1) the ALJ and magistrate erred in their reliance upon the testimony of Dr. Charles Cooke over the medical opinions

of his treating physician, Dr. Katherine Jones; 2) Dr. Cooke did not use proper criteria in determining whether fibromyalgia is a severe impairment; 3) the ALJ's failure to identify the cervical condition as a severe impairment is reversible error; and 4) the ALJ should have examined the vocational expert on the plaintiff's ability to use either hand for repetitive movement.

The Court has thoroughly reviewed the record in this case, and finds that the ALJ's determination to give controlling weight to Dr. Cooke's testimony over the opinions of Dr. Jones is supported by substantial evidence. There appear to be numerous reasons for the ALJ to have rejected the opinions of treating physician Dr. Jones, and those reasons were sufficiently spelled out within the Decision. In sum, the Court concurs with the analysis and conclusions of the magistrate that the ALJ identified adequate basis for declining to give controlling weight to Dr. Jones' disabling findings. When viewed within the context of the whole of his testimony, Dr. Cooke's discussion of whether fibromyalgia constitutes "severe" problem, Dr. Cooke was simply explaining that fibromyalgia does not destroy tissue, shorten life, or cripple. This Court finds no basis for disregarding Dr. Cooke's testimony based upon this explanation of fibromyalgia. Consistent with the magistrate's report, the Court further finds that the ALJ's failure to identify the cervical condition as "severe" is not a reversible error.

Finally, plaintiff erroneously seeks to place responsibility for cross-examination of the vocational expert upon the ALJ on the issue of repetitive movement hand use of both hands. Had plaintiff believed he suffered from additional, significant limitations not addressed by the vocational expert, then he should have cross-examined the expert at the hearing. On this point, the Court finds no reversible error on the part of the ALJ.

In sum, the magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted. While the Court is sympathetic to Mr. Floyd's situation, it finds no misapplication of the regulations. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner, <u>Crum v. Sullivan</u>, 921 F.2d 642, 644 (6th Cir. 1990).